# In the United States Court of Federal Claims

Estate of Nebil Ozgen,
Plaintiff,

v.

THE UNITED STATES OF AMERICA;
Defendant

Civil Action No. 20-864 T

**COMPLAINT**

This case is consequent to *Gottdiener vs. United States*, 1:18-cv-00067-LKG, a prior proceeding in this Court in which Taxpayer Nebil Ozgen, at the time a living, natural person, sued for payment of refund claims in connection with calendar tax years 2011, 2012, and 2013.

That case ended shortly after Mr. Ozgen's death on May 3, 2018, by voluntary dismissal without prejudice so that Mr. Ozgen could rely on the Service's administrative refund procedures.

Eventually, in or about the months of May, June, and July 2018 those procedures ended with the Service approving refunds for 2011 and 2012 and using some of the approved sums to serve as credit offsets to pay liabilities by then assessed for 2013, 2014, and 2015. Approximately $20.000 was also captured in 2016 instead of being refunded and was also used as a credit offset for those years, as well as another $15.000 of refunds due for years 2010 and earlier which had been amended during Taxpayer's participation in a 2012 OVDI program.

All in, about $210.000 that would have been left over to pay TP a refund for 2011 was instead transferred into 2013, but the problem was that what was a $350.000 assessed liability for 2013 was in fact only $50.000, as had been by then claimed by TP on an amended return and would soon be agreed with by the Service.

However, by then, that $210.000 had been transferred into 2013, so basically a $210.000 refund due from 2011 became "transformed" into a $210.000 refund due from 2013.

Even so that would have not been a problem had the Service actually paid that money to TP, but it did not. There is no dispute that TP had filed a refund claim for 2013 covering it, but even so the Service simply kept the money, some months after the transfer into 2013 the Service basically seizing it by transferring it into excess collections for reasons no one can explain.

1

Therefore, with the allegations in the complaint in the earlier case deemed incorporated herein as if set forth herein, and with the above, Plaintiff through his post-mortem estate now demands payment back to him of all such money wrongfully withheld from him. The amount, including interest due him, is estimated to be about $260.000, but will be determined at trial.

/s/ Frederick M. Oberlander

Personal Representative of Decedent Nebil Ozgen, *and*
Counsel for the Estate of Nebil Ozgen